[No. 3,690.]

## H. E. W. FRIERMUTH v. G. A. FRIERMUTH.

ACTION AGAINST SURVIVING PARTNER. — An action lies against a surviving partner for work and labor performed for the firm during the life of the deceased partner, and after his death while the surviving partner is winding up the business of the firm.

LABOR OF SON FOR FATHER AFTER HE ATTAINS HIS MAJORITY.—If a son remains with and performs services for his father after attaining his majority, the law will not, ordinarily, imply a promise on the part of the father to make pecuniary compensation for his labor; but if the circumstances show that it was the expectation of both parties that he should receive compensation, the promise will be implied, and he may sue on a *quantum meruit.*

EVIDENCE ON QUANTUM MERUIT COMPLAINT.—Evidence of a special contract to pay a sum certain for services may be received on a complaint upon a *quantum meruit,* as tending to show the value of the services.

APPEAL from the District Court, of the Third Judicial District, County of Santa Cruz.

The plaintiff was the son of the defendant. The complaint contained three counts, one for services performed

by the plaintiff for his father and Steigleman, who were
partners during the minority of the plaintiff, from the 18th
day of June, 1867, to the 18th day of June, 1869, and
another for like services, from the 18th day of June, 1869,
when the plaintiff is alleged to have attained his majority,
to the 1st of May, 1871. These two counts averred special
promises to pay the plaintiff twenty-five dollars per month
during the first period, and seventy-five dollars per month
during the second period. The second count alleged that
the partnership existed up to January 14th, 1871, and that
on the last named day Steigleman died.

The third count was on a *quantum meruit* for plaintiff's
services during the entire period, and also averred Steigle-
man's death, and that defendant was left sole surviving
partner.

The defendant demurred to the complaint, because it did
not state facts sufficient to constitute a cause of action, and
because two causes of action were united. The Court
below overruled the demurrer. The defendant answered,
and the cause was tried by the Court.

On the trial the plaintiff elected to abandon the second
count of the complaint, and proceed on the third count,
upon the *quantum meruit*, and, against defendant's objection,
was allowed to introduce evidence to show a special con-
tract, as tending to show the value of his services.

The Court found that the plaintiff's services, after he
attained his majority, were reasonably worth seventy-five
dollars per month, and gave the plaintiff judgment for the
services performed after he attained his majority. The
Court says: "For the services rendered after plaintiff be-
came of age there is a count upon a *quantum meruit*, and
there is proof that the services were rendered and were
reasonably worth the sum of seventy-five dollars per month."

The defendant appealed.

The other facts are stated in the opinion.

*Julius Lee* and *J. A. Barham,* for Appellant.

It was error in the Court to allow plaintiff to introduce evidence of a special contract in support of the *quantum meruit* count. (7 Cowen, 92; 18 Johns, 456; 10 Johns, 36.) Such testimony is only admissible when plaintiff is prevented from performing the contract, or when the terms of the contract have been varied. (6 Cal. 111.)

The plaintiff being the son of the defendant, and living with and being supported by defendant, seeks to recover from him the value of his services upon a general count in assumpsit, or in the absence of a special agreement therefor. This never was law in any age or country. (1 Blackstone, 453; *Dye* v. *Herr,* 15 Barb. 444; *Andrus* v. *Foster,* 17 Verm. 556; *Resor* v. *Johnson,* 1 Carter, Ind. 100; *Rix* v. *Low,* 1 B. & Ald. 179; *Cropsey* v. *Sweeney,* 27 Barb. 310; s. c., 7 Abbott's Pr. 129; *Moore* v. *Moore,* 21 How. Pr. 211.)

Our Code Commissioners have very correctly and succinctly embodied the common law upon the subject in the following words; "When a child after attaining majority, continues to serve and be supported by the parent, neither party is entitled to compensation in the absence of an agreement therefor." (Sec. 210, Civil Code.)

*Craig & DeWitt* and *A. Hagan,* for Respondent.

Plaintiff had a right to sue Friermuth, alone, after the death of Steigleman. (*May* v. *Hanson,* 6 Cal. 643; *Humphreys* v. *Yale,* 5 Cal.; *People* v. *Evans,* 39 Cal. 429.) The Court did not err in admitting testimony upon all the counts in the complaint. The verdict or decision being special, as to the single count, there could be no error injurious to appellant. After the plaintiff became of age, he was of course, emancipated and entitled to pay for his services. The Court finds that the services were performed after plaintiff attained his majority. (Schouler's Domestic Relations, 345; 2 Kent, 193.)

By the COURT:

The demurrer to the complaint was properly overruled. The action was brought against the defendant as surviving partner of the firm of Friermuth & Steigleman, to recover for work and labor performed by the plaintiff, and the complaint is sufficient both in substance and form.

Upon the question of the value of the plaintiff's services the testimony was conflicting. Aside from the evidence in reference to a special contract, there was testimony tending to prove that the services were worth seventy-five dollars per month. In such case we cannot interfere with the finding of the Court below.

We see no valid objection to the judgment, because it was based upon a *quantum meruit.* When a son remains with and performs services for his father after reaching his majority, the law will not ordinarily imply a promise on the part of the father to make pecuniary compensation for the labor. But if the circumstances show that it must have been the expectation of both parties that he should receive compensation, then a promise will be implied. (*Andrews* v. *Foster,* 17 Vt. 556; *Dye* v. *Kerr,* 15 Barb. 444.)

Judgment and order affirmed.