(97 Misc. Rep. 48)

### JOHNSON v. TAIT.

(Supreme Court, Special Term, Erie County. October 13, 1916.)

1. WORK AND LABOR ☞7(3)—IMPLIED PROMISE—NURSING AND CARE—RELATION OF PARTIES.

Where plaintiff took the defendant, his father-in-law, an old and infirm man, requiring quite a degree of personal care and nursing, to live with his family, and where nothing was said as to his payment for board or services, the law imported an implied promise to compensate plaintiff for the reasonable value thereof, as his relationship imposed no legal duty to care for the defendant.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 18; Dec. Dig. ☞7(3).]

2. HUSBAND AND WIFE ☞208—WIFE'S SEPARATE PROPERTY—CONSTRUCTION OF STATUTE.

Domestic Relations Law (Consol. Laws, c. 14) § 60, giving a married woman a cause of action in her separate right for her services, and providing that her husband shall have no right of action therefor unless she, or her husband with her knowledge has otherwise agreed with the party obligated, was not intended to modify a wife's obligation to render services in her husband's own household, although such service may benefit a third person, so that the value of a wife's services to her father, a member of her husband's family, could not be separated from those rendered to the husband, and he might recover therefor.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 756, 757, 760–764; Dec. Dig. ☞208.]

Appeal from City Court of Buffalo.

Action by Henry Johnson against Donald Tait. Judgment for plaintiff, and defendant appeals. Affirmed.

J. H. Madden, of Buffalo, for appellant.
Edward C. Schlenker, of Buffalo, for respondent.

WHEELER, J. The plaintiff sued and recovered in the court below for board, room, nursing, and other attentions furnished the defendant for a number of years while living with the plaintiff and in his family. The defendant was the father of the plaintiff's wife, and an old and infirm man, requiring to quite a degree the personal care and nursing of his daughter, which was given. At the time he became an inmate of the plaintiff's home, nothing was said as to his paying for the board, nursing, and services afterwards rendered.

[1] The defendant contends that, in the absence of an express agreement to compensate the plaintiff, owing to the relations of the parties, no implied promise arises, but the legal presumption is that these services were gratuitous. We think this proposition requires no extended discussion, and that the rule is contrary to that contended for by the appellant. The plaintiff is the son-in-law of the defendant, and that relationship imposed on him no legal duty toward the defendant to care for him in his declining years, or furnish him a home without charge. The rule contended for by the defendant does not apply to cases of this kind. Koebel v. Beetson, 112 App. Div. 639, 98 N. Y. Supp. 408; Matter of Stiles, 64 Misc. Rep. 658, 120 N. Y. Supp. 714;

Gallaher v. Vought, 8 Hun, 87; Matter of Lannon, 75 Misc. Rep. 66, 134 N. Y. Supp. 974; Matter of Enos, 61 Misc. Rep. 594, 115 N. Y. Supp. 863; Matter of Duke, 57 Misc. Rep. 541, 109 N. Y. Supp. 1087. We think the plaintiff made out a case entitling him to recover, and that the law imports an implied promise to compensate the plaintiff for the reasonable value of the board and care given.

[2] It is, however, further argued by the appellant, as a reason for reversal, that the judgment included a recovery for services rendered by the plaintiff's wife to her father, and that by section 60 of the Domestic Relations Law these services belonged exclusively to the wife, and it was error to permit any recovery for them. Section 60, referred to, provides as follows:

"A married woman shall have a cause of action in her own sole and separate right for all wages, salary, profits, compensation or other remuneration for which she may render work, labor or services, or which may be derived from any trade, business or occupation carried on by her, and her husband shall have no right of action therefor unless she or he with her knowledge and consent has otherwise expressly agreed with the person obligated to pay such wages, salary, profits, compensation or other remuneration. In any action or proceeding in which a married woman or her husband shall seek to recover wages, salary, profits, compensation or other remuneration for which such married woman has rendered work, labor or services or which was derived from any trade, business or occupation carried on by her or in which the loss of such wages, salary, profits, compensation or other remuneration shall be an item of damage claimed by a married woman or her husband, the presumption of law in all such cases shall be that such married woman is alone entitled thereto, unless the contrary expressly appears."

If the value of the wife's services for nursing and for other attentions given her father while at her husband's home are to be separated from those rendered by the husband, then this judgment should be reversed and a new trial granted. We do not think that the section of the Domestic Relations Law above quoted should be construed so as to cover services rendered by the wife in the husband's own household. In contemplation of law, we think the services rendered by the plaintiff's wife to the defendant were services rendered to the husband, and were not services rendered and performed on her own independent account. The statute was not intended, in any way, to vary or modify the obligation which the wife owes the husband to render services in his own household, although such services may benefit a third person. A husband as the head of the household might see fit to take boarders, and it would thus become necessary for the wife to cook their meals and care for their rooms, and yet we do not think for a moment the statute intended that the wife should have a cause of action against the boarders for the value of her services as distinguished from the value of what the husband contributed. The holding contended for by the appellant would result in absurd situations and conditions, and such a conflict between the husband and wife as would tend to destroy the unity and peace of the family.

On the other hand, the statute relied on relates rather to services rendered by a married woman to others in occupations or business disconnected from the duties performed by the wife as a member of her husband's household. It was held in Coleman v. Burr, 93 N. Y. 17–30,

45 Am. Rep. 160, that the act of 1860 (chapter 90, Laws of 1860), authorizing a married woman to carry on business and to perform labor on her sole and separate account, did not absolve her from the duty to render to her husband such services in his household as are commonly expected of a married woman in her station of life. Whatever services are thus rendered are not "on her sole and separate account," and in rendering them she still bears to him the common-law relation.

In Porter v. Dunn, 131 N. Y. 314, 30 N. E. 122, is a case where, under a prior statute of the same general character, the plaintiff's wife, while attending to the household duties and helping her husband in his business, and being engaged in no occupation separate from that devolving upon her as wife, also attended upon the deceased, who was a boarder in plaintiff's house, and cared for him as a nurse. The court held that under the circumstances the right of the husband to maintain the action for such services was clear. The court said:

The statutes "have not, by express provision, nor have they by implication, deprived the husband of his common-law right to avail himself of a profit or benefit from her services."

See, also, Stevens v. Cunningham, 181 N. Y. 459, 74 N. E. 434.
We think the judgment should be affirmed.
So ordered.