[L. A. No. 6650. In Bank.—February 9, 1922.]

LULU RUBLE, Appellant, v. R. W. RICHARDSON, as Executor, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—CLAIMS AGAINST—EVIDENCE—DIS-
QUALIFICATION OF PARTIES AND ASSIGNORS. — The parties, or as-
signors of parties, to an action or proceeding, or persons in whose
behalf an action or proceeding is prosecuted, against an executor
or administrator upon a claim or a demand against the estate of
a deceased person cannot be witnesses as to any matter or fact
occurring before the death of such deceased person.

[2] ID.—WILLS—CONTRACT FOR COMPENSATION—CLAIM.—It is essential to an action for breach of contract to compensate one for services by making provisions in such person's favor in a will that a claim against the estate be presented, and the rule of section 1880, subdivision 3, of the Code of Civil Procedure, prohibiting parties or their assignors from testifying, applies to such a claim.

[3] ID.—PLEADING—SUFFICIENCY OF COMPLAINT.—In an action upon a claim against the estate of a deceased person, where the complaint alleges the pendency of the administration of the estate and presentation and rejection of the claim, which is also set out in full, and then alleges that on a certain date there became due and payable to plaintiff from the estate and that said estate became indebted to plaintiff on said date for and on account of services rendered and performed for the decedent, during her lifetime and at her special instance and request, in a certain sum, and that said services so rendered and performed by plaintiff at the special instance and request of the decedent were and are of the reasonable value of the sum named, and said sum was and is the reasonable value thereof, followed by an allegation of nonpayment, it was error to hold that the count did not state a cause of action.

[4] ID.—CLAIM AGAINST ESTATE—CONSTRUCTION.—The fact stated in a claim against the estate of a deceased person should not be too strictly construed, for such a claim need not be drawn with the precision which would render a complaint good against a special demurrer, and its sufficiency is not to be decided by the rules of pleading.

[5] ID. — CLAIM FOR SERVICES AS DAUGHTER — ABSENCE OF EXPRESS CONTRACT FOR COMPENSATION—WHEN CONTRACT NOT IMPLIED.—In an action upon a claim against the estate of a deceased person, where the claim is based upon an alleged express contract of the decedent to make provision for the claimant in her will, in consideration of the latter occupying the position of and performing the ordinary duties of daughter to the decedent, in the absence of competent evidence of an express contract, the claimant being disqualified from testifying, recovery cannot be had, as the law will not imply a promise of compensation under the circumstances to one basing her claim upon such services as would be rendered by a daughter.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick and Charles Monroe, Judges. Affirmed.

5. Implication of agreement to pay for services rendered by relative or member of household, notes, 20 Ann. Cas. 394; 11 L. R. A. (N. S.) 873.

The facts are stated in the opinion of the court.

James E. Kelby and Kemp & Clewett for Appellant.

E. A. Tucker, Frank M. Gunter and Hunsaker, Britt & Cosgrove for Respondent.

WASTE, J.—The plaintiff brought this action against the defendant as executor of the estate of Josephine G. Kitchen, deceased, for the breach of · an alleged contract of the decedent to make provision for plaintiff in her will, in return for personal services rendered. The trial court entered a judgment of nonsuit, and the plaintiff has appealed.

The basis of the action is the presentation by plaintiff and the rejection by defendant of a claim for the reasonable value of the services. The amended complaint is in two counts. The first, in addition to the usual preliminary facts as to the death of decedent, the appointment and qualification of the defendant as executor of her estate, sets out the making of the contract by the decedent with the plaintiff, the subsequent breach, and the presentation to, and the rejection of a duly verified claim by, the executor of the estate. The claim is set out in full in the complaint. It is in due form, properly entitled, duly verified, and alleges the claim of the plaintiff as follows:

"That about the month of February, 1908, claimant herein, Lulu Ruble, entered into a contract with the deceased, whereby the deceased agreed with the claimant herein, Lulu Ruble, that if the said Lulu Ruble would remain in the household with the deceased and act as a daughter and perform the duties of a daughter to said deceased until the death of said deceased that the said deceased would amply provide for and adequately compensate said Lulu Ruble, in her will, and that the said Lulu Ruble has performed all the terms and conditions of said contract and did remain with the said deceased from the date last above mentioned up to the time of the death of the said Josephine G. Kitchen, namely, until August, 1918, and has acted as a daughter to the said Josephine G. Kitchen and performed all the duties and bestowed all the love and affection of a daughter upon the said Josephine G.

Kitchen, and in all respects complied with and performed each and every term of her said contract with the said Josephine G. Kitchen, and that the said Josephine G. Kitchen violated her said contract with the said Lulu Ruble, and did not perform said contract on her part to be performed and did not provide in her said will for the said Lulu Ruble as provided by the terms of her said contract but failed, refused and neglected to carry out said contract. That by reason of the said breach of said contract on the part of Josephine G. Kitchen, the said Lulu Ruble has been and is damaged in the sum of twenty-five thousand dollars.

"That the reasonable value of the services so rendered by the said Lulu Ruble, to the said Josephine G. Kitchen, were reasonably worth the sum of twenty-five thousand dollars."

The second count of the amended complaint repeats, by reference thereto, those allegations of the first count which relate to the pendency of the administration of the estate and the presentation and rejection of the claim, which is also set out in full. Then follows an allegation:

"That on or about the 4th day of August, 1918, there became due and payable to plaintiff from the estate of Josephine G. Kitchen, deceased, and said estate of Josephine G. Kitchen, deceased, became indebted to plaintiff on said date for and on account of services rendered and performed for the said Josephine G. Kitchen, during her lifetime and at her special instance and request, in the sum of twenty-five thousand dollars, and that said services so rendered and performed by plaintiff at the special instance and request of the said Josephine G. Kitchen, were and are of the reasonable value of twenty-five thousand dollars, and said sum of twenty-five thousand dollars was and is the reasonable value thereof."

This is followed by an allegation of nonpayment.

The answer denied all the allegations of the amended complaint, other than those showing the death of Mrs. Kitchen, the appointment and qualification of the defendant as executor, and the presentation and rejection of the claim. When the case came on for trial, on objection of the defendant, the court refused to permit the plaintiff to testify to any fact occurring before the death of Josephine G. Kitchen. Plaintiff thereupon offered to prove by com-

petent testimony other than her own, under the second cause of action, the fact of the rendition of the services to the deceased, and their reasonable value. Defendant objected upon the ground that the second count of the amended complaint did not state facts sufficient to constitute a cause of action. The objection was sustained, and the trial court refused to permit plaintiff to make any proof under the *quantum meruit*. Not being able, therefore, to substantiate her claim, plaintiff submitted to a judgment of nonsuit, from which this appeal is taken.

[1] We think the trial court was correct in refusing to permit the plaintiff to testify to any fact occurring before the death of Josephine G. Kitchen. The parties, or assignors of parties, to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or a demand against the estate of a deceased person, cannot be witnesses as to any matter or fact occurring before the death of such deceased person. (Code Civ. Proc., sec. 1880, subd. 3.) Appellant seeks to avoid the effect of this provision by restricting its application to such claims only as are founded upon a contract or liability which might have been enforced against the deceased during her lifetime. She contends that where the action is based upon a liability which by its terms could not come into existence until the death of the deceased, there could never have been any claim or demand during the lifetime of the deceased, and that therefore the section should not apply to an action brought upon such claim. [2] It is essential, however, to an action for breach of contract to compensate one for services by making provisions in such person's favor in a will, that a claim against the estate be presented. No claim can exist against the estate in such case except one founded upon the fact that such services were performed and no provision made in the will for compensation. (*Morrison* v. *Land*, 169 Cal. 580 [147 Pac. 259]; *Etchas* v. *Orena*, 127 Cal. 588, 593 [60 Pac. 45].) The trial court was, therefore, right in excluding the testimony of the plaintiff under the prohibitory section of the code. (*Pearson* v. *Parsons*, 173 Cal. 331, 335 [159 Pac. 1171].)

[3] We think the trial court was in error in holding that the second count of the complaint did not state a cause

of action. (*Morrison* v. *Land,* 169 Cal. 580, 584 [147 Pac. 259]; *Zellner* v. *Wassman,* 184 Cal. 80 [193 Pac. 84]; *Grant* v. *Grant,* 63 Conn. 530 [38 Am. St. Rep. 379, 384 [29 Atl. 15]; *Estate of Kessler,* 87 Wis. 660 [41 Am. St. Rep. 74, 79, 59 N. W. 129].) As to the contention that the claim did not apprise the executor of the nature of the services rendered, there should be considerable liberality in construing the pleadings when the foundation thereof is a claim against an estate. [4] The facts stated therein should not be too strictly construed, for such a claim need not be drawn with the precision which would render a complaint good against a special demurrer, and its sufficiency is not to be tested by the rules of pleading. (*Doolittle* v. *McConnell,* 178 Cal. 697, 705 [174 Pac. 305]; *Pollitz* v. *Wickersham,* 150 Cal. 238, 250 [88 Pac. 911].)

Notwithstanding the fact that the trial court excluded the evidence offered in support of plaintiff's second count, we are of the opinion that the ruling was not prejudicial, and that the judgment should not be reversed for that cause. It is an elementary rule that no one can be held to pay for services unless there is an express or implied promise on which to base the right of recovery. The claim filed by plaintiff against the estate was based upon an express contract, under the terms of which plaintiff was to occupy the position of daughter toward Mrs. Kitchen, and she alleged that she had performed the ordinary duties arising from such a relation. The evidence offered under the second count, and rejected as before stated, was to the effect that plaintiff had performd the ordinary duties of a daughter in the household, and as to the reasonable value of such services. In making the offer plaintiff's counsel expressly disavowed the intention of proving an express contract, but relied upon an implied agreement arising from the circumstances under which the services were rendered. The offer was objected to and the objection was sustained. That no prejudicial error resulted can best be shown by an understanding of the circumstances under which the offer was made. Counsel for plaintiff in his opening statement to the jury said:

"This is an action brought by Miss Ruble against Mr. Richardson, the executor of the last will and testament of Mrs. Josephine G. Kitchen, to recover the sum of twenty-

five thousand dollars, under a cause of action resting upon the express contract entered into between Miss Ruble and Mrs. Kitchen in the lifetime of the latter, whereby Mrs. Kitchen agreed to provide for her adequate compensation in her last will.

"The late James B. Kitchen and the late Josephine G. Kitchen were husband and wife. Mr. Kitchen was the uncle by blood of Miss Ruble, Mrs. Kitchen of course being her aunt by marriage.

"About the time that Miss Ruble reached her sixteenth year and while she was at Leavenworth,, Kansas, Mr. Kitchen, who then, with his wife, resided in Omaha, Nebraska, being childless, invited Miss Ruble to come and live with them. Miss Ruble accepted the invitation and, on or about her sixteenth birthday, repaired to Omaha, Nebraska, and lived with Mr. Kitchen and his wife until his death—I think in 1907. The evidence will show the fact was that after Mr. Kitchen passed away, and perhaps within a week or ten days thereafter, Mrs. Kitchen and Miss Ruble got together in Mrs. Kitchen's bedroom, and Mrs. Kitchen begged her to remain with her and to be a daughter to her, and told her that if she would do so she would adequately provide for her in her last will. Mrs. Kitchen passed away in August, 1918, I think, so that Miss Ruble remained with Mrs. Kitchen continuously from 1907 until Mrs. Kitchen's death in 1918, or about eleven years, during the last of which time Mrs. Kitchen was a confirmed invalid. Mrs. Kitchen left her the sum of two thousand dollars and some small pieces of jewelry; and our claim is that she gave her nothing during the eleven years that she remained with her, that Miss Ruble surrendered her entire life to her, waiting on her night and day, was most like a daughter, and that she performed every service of a greater delicacy. If we show you all of these facts, we think that you will agree that she ought to be entirely compensated."

[5] The plaintiff was prevented from making the case outlined, by reason of the exclusion of her own testimony under the bar of the statute, so that the situation presented by the record, at the time of the offer to prove the value and rendition of services by the plaintiff, was that it was conceded that when a child of sixteen plaintiff had entered

the home of her uncle and aunt, and had remained there
until the death of her uncle, and thereafter until the death
of her aunt, during that time occupying the position of a
daughter. Under these circumstances, with no evidence of
any arrangement between the deceased and the plaintiff for
compensation, and no evidence of an express contract of
any kind, plaintiff was compelled to rely upon circum-
stances in support of her cause of action, from which the
law might raise an implied promise to compensate her for
services rendered. The evidence offered by her, and we
may assume that it was intended to present her case in the
most favorable light, if admitted would not have the desired
result, for, taking it at its full value, it is not sufficient
to raise an inference in law that there was a promise to
pay for the services rendered. She can recover for no other
kind than those specified in her claim, which were the ordi-
nary services of a daughter in the household, and the ren-
dition of such services does not raise the implication relied
on by plaintiff here. The rule in that regard is thus stated
in 1 Beach on Contracts, section 653, pages 788, 789: "Ordi-
narily, where services are rendered and voluntarily accepted,
the law will imply a promise upon the part of the recipient
to pay for them; but where services are rendered by mem-
bers of a family, living in one household, to each other, or
necessaries are supplied by one near relation to another,
the law will presume that they were gratuitous favors
merely, prompted by friendship, kindness and the relation-
ship between them. And in such case, before the person
rendering the service can recover, the express promise of
the party served must be shown or such facts and circum-
stances as will authorize the jury to find that the services
were rendered in the expectation of one of receiving, and
by the other of making compensation therefor." "The
same rule applies to children by adoption as to children by
blood" (Id., sec. 656), and to orphans received into the
family. (*Hogg* v. *Laster,* 56 Ark. 362 [19 S. W. 975];
*Fross' Appeal,* 105 Pa. St. 258.) The decisions of our own
state are in full accord with this rule. (*Murdock* v. *Mur-
dock,* 7 Cal. 511; *Swartz* v. *Hazlett,* 8 Cal. 118; *Moulin*
v. *Columbet,* 22 Cal. 508; *Friermuth* v. *Friermuth,* 46 Cal.
42; *Crane* v. *Derrick,* 157 Cal. 667 [109 Pac. 31]; *Gjurich*

v. *Fieg*, 164 Cal. 429 [Ann. Cas. 1916B, 111, 129 Pac. 464]. See, also, 13 Corpus Juris, p. 286.)

In the case at bar the plaintiff has foreclosed herself from relying upon the nature and character of the services performed by way of evidence on an implied contract, because she has expressly based her claim upon such services as would be rendered by a daughter. Under these circumstances the court, or jury, would not be warranted in arriving at any other conclusion than that which the plaintiff herself has arrived at, namely, that the services performed by her were those usually performed by a daughter, and from this logical conclusion it follows that there is no implied promise to pay therefor.·

The judgment is affirmed.

Wilbur, J., Shurtleff, J., Lawlor, J., Sloane, J., Lennon, J., and Shaw, C. J., concurred.