[Civ. No. 3882. Second Appellate District, Division Two.—January 23, 1923.]

EDWARD · SMITH, Appellant, v. PHILIP RIEDELE, Respondent.

[1] SERVICES—IMPLIED PROMISE TO PAY—EVIDENCE.—In this action for personal services rendered by plaintiff to defendant extending over a period of between eight and nine years, during which period plaintiff had resided in the household of defendant and had been treated as a member of the family, the trial court was justified in determining from the evidence that there was no implied promise to pay for the services rendered.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. E. Joslin for Appellant.

O'Melveny, Millikin & Tuller for Respondent.

WORKS, J.—In this action plaintiff sued to recover for personal services rendered to defendant, relying for a recovery upon an implied promise of defendant to pay. The services were varied in their nature and many of them were performed about the house and grounds of respondent. Upon a motion for a nonsuit the trial court determined that plaintiff's evidence was barren of a showing of an implied promise. The motion for a nonsuit was granted and judgment went for defendant accordingly. Plaintiff appeals.

Appellant was the only witness at the trial. [1] His testimony showed the rendition by him of various services for respondent, it is true, these items of performance on his part extending over a period between eight and nine years in extent, but respondent contends that under all the circumstances disclosed by the testimony the trial court was justified in determining that there was no implied promise to pay. In this view we are bound to concur. During the entire period mentioned, between eight and nine years, appellant resided in the household of respondent. Not only did he have a room in the family residence, but he ate his

meals at the family table. When there were guests at the table he usually sat with them. He made no payment whatever, during all of this period, for either room or board. On various occasions respondent furnished appellant with clothing. The two sometimes fished together and when they did appellant used tackle bought by respondent. The latter paid for appellant's fishing license, on one occasion at least, and perhaps more, as the evidence on the subject is not clear. During these years respondent frequently gave money to appellant, the total sum so disbursed being over four hundred dollars, but it was neither given nor received as compensation for any service, being a pure gratuity. Appellant had some money from other sources, as his testimony discloses that he was under at least one outside employment during the period of his residence with respondent. The evidence does not show how long this employment lasted, but it was with a corporation in which respondent was interested. At the end of the period which we have twice mentioned the relationship which had existed between the parties was terminated and appellant left respondent's home. The evidence discloses no reason for the severance, but it was then, for the first time, that appellant made claim that respondent was indebted to him for services.

The record before us reveals a situation which is concluded by a mass of decided cases all over the country, a number of which are found in the reports of our own state. A mention of two of these latter will suffice to dispose of the appeal. In a recent case in which a niece had long resided with her uncle, practically in the capacity of a daughter, and had brought suit against his personal representative to recover the value of services rendered, the supreme court approved the following language of a text-writer: "Ordinarily, where services are rendered and voluntarily accepted, the law will imply a promise upon the part of the recipient to pay for them; but where services are rendered by members of a family, living in one household, to each other, or necessaries are supplied by one near relation to another, the law will presume that they were gratuitous favors merely, prompted by friendship, kindness, and the relationship between them. And in such case, before the person rendering the service can recover, the express promise of the party served must be shown or such facts and circumstances as

will authorize the jury to find that the services were rendered in the expectation by one of receiving, and by the other of making compensation therefor.'' The court then cited authorities to the effect that the rule applies to children by adoption as well as to children by blood, and to orphans received into the family. (*Ruble* v. *Richardson*, 188 Cal. 150 [204 Pac. 572].) In an earlier case of the same nature the supreme court used the following language: ''It has been said many times that the question [of plaintiff's right to recover] is one that must be determined on the circumstances of the particular case, the question in each case being whether it can reasonably be inferred that pecuniary compensation was in the view of the parties at the time the services were rendered. . . . In the consideration of such circumstances, the degree of the relationship may strengthen or diminish the implication that the services are acts of gratuitous kindness and affection, according to its proximity or remoteness. . . . Our own decisions appear to support the doctrine that to authorize compensation in such cases the circumstances must be such as to warrant the inference that it was the expectation of both parties that compensation should be made.'' (*Crane* v. *Derrick*, 157 Cal. 667 [109 Pac. 31].) While the situation of appellant in respondent's family was perhaps a little different from that of the persons contemplated by the supreme court in its opinion in *Ruble* v. *Richardson*, we are convinced that his testimony brings his case within the broad doctrine of that case and of *Crane* v. *Derrick*, and that there is no evidence in the record which would have supported a finding of an implied promise by respondent to pay him for the services rendered. Therefore, the motion for a nonsuit was properly granted.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 22, 1923.

All the Justices concurred, except Myers, J., who did not participate.