[S. F. No. 10282. In Bank.—April 4, 1923.]

MARGARET NEWBERT, Appellant, v. GEORGE W. McCARTHY et al., as Executors, etc., Respondents.

[1] PERSONAL SERVICES—PERFORMANCE FOR SISTER—COMPENSATION—PRESUMPTION.—Where services were rendered by one sister to another while the latter was visiting the former at her home, the natural inference is not that the services were rendered in expectation of remuneration, but, on the contrary, that they were spontaneous acts of courtesy and kindness prompted by

---

1. Implied contract to pay for services rendered by brother or sister, notes, 8 Ann. Cas. 203; 1 L. R. A. (N. S.) 819; 11 L. R. A. (N. S.) 873.

the natural affection of one sister for another; and in an action to recover for the services from the estate of the deceased sister the presumption ordinarily prevailing that services performed for another are to be paid for cannot be invoked and applied in favor of plaintiff's case.

[2] ID.—INTENTION.—Whether services are to be compensated for in such a case is a question of intention, and if at the time the services were originally rendered they were intended to be gratuitous, prompted by friendship, kindness, and the relation existing between the parties, and were tendered without any expectation of remuneration, they cannot later be converted into a pecuniary demand.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edward J. Lynch for Appellant.

John T. Thornton and D. M. Burnett for Respondents.

LENNON, J.—In this action the plaintiff sued to recover a judgment against the estate of her deceased sister in the sum of $750 as compensation for personal services alleged to have been rendered by the plaintiff to the deceased during her lifetime. The defendants, the executors of the estate of the deceased sister, had judgment in the court below. In support of plaintiff's appeal from that judgment it is contended that inasmuch as the rendition of the services in suit was an admitted fact in the case the judgment should have gone for the plaintiff because of the general rule that a person receiving the services of another is presumptively bound to pay the reasonable value of the same. Ordinarily this is the rule. (*Moulin* v. *Columbet*, 22 Cal. 509; *Crane* v. *Derrick*, 157 Cal. 667 [109 Pac. 31]; *Estate of Rohrer*, 160 Cal. 574 [Ann. Cas. 1913A, 479, 117 Pac. 672].) This presumption, applicable as it may be to transactions between persons unrelated to one another, is not pertinent to nor can it prevail over the facts of the instant case.

[1] In the instant case the plaintiff and decedent were sisters and all of the services in suit were rendered by the

plaintiff while the decedent was visiting her at her home in San Francisco. In such a situation the natural inference is not that the services were rendered in expectation of remuneration, but, on the contrary, that they were spontaneous acts of courtesy and kindness prompted by the natural affection of one sister for another. This being so, the presumption ordinarily prevailing that the services were to be paid for cannot be invoked and implied in favor of the plaintiff's case.

[2] The question in all cases of this character is one of intention. If at the time the services were originally rendered they were intended to be gratuitous, prompted by friendship, kindness, and the relation existing between the parties, and were tendered without any expectation of remuneration, they cannot later be converted into a pecuniary demand. (*Moulin* v. *Columbet,* 22 Cal. 509, 510.)

As was said in *Murdock* v. *Murdock,* 7 Cal. 511: "All the circumstances of the case must be considered to ascertain what were the expectations of both parties existing while the relation continued." " 'It is incumbent upon the plaintiff to show that at the time, it was expected by both parties that he should receive such compensation, or that the circumstances under which the services were performed, were such that such expectation was reasonable and natural.' " To authorize compensation, therefore, for services rendered by one relative to another, it is necessary that the circumstances be such as to reasonably warrant the inference that it was the expectation of both of the parties that compensation should be made by the recipient of the services. (*Crane* v. *Derrick, supra; Gjurick* v. *Fieg,* 164 Cal. 429 [Ann. Cas. 1916B, 111, 129 Pac. 464] ; *Ruble* v. *Richardson,* 188 Cal. 150 [204 Pac. 572].)

In the instant case the trial court found, in the light of all the circumstances, that it was not the expectation of the parties at the time the services in suit were rendered that they should be compensated but to the contrary found that said services were rendered "voluntarily and gratuitously and of plaintiff's own motion, and were intended to be gratuitous." This was, we think, the natural implication from all of the facts and circumstances arising from the situation of the parties at the time the services were rendered.

In the case of *Smith* v. *Riedele,* 60 Cal. App. 551 [213 Pac. 281], the implication that the services of one friend living in the home of another were intended to be gratuitous was sustained. This applies, of course, with even greater force to cases of blood relationship. (*Murdock* v. *Murdock, supra; Friermuth* v. *Friermuth,* 46 Cal. 42; *Gjurick* v. *Fieg, supra.*) In such cases the relationship existing between the parties, as parent and child, stepparent and stepchild, brother and sister, and the like, is itself strong negative proof that no remuneration was intended. (*Hall* v. *Finch,* 29 Wis. 278 [9 Am. Rep. 559]; *Price* v. *Price's Exr.,* 101 Ky. 28 [39 S. W. 429].) Furthermore, there are the corroborating circumstances that although the decedent had for many years visited her sister, the plaintiff, at frequent intervals and had remained two and three weeks at a time, no payment was ever requested or required by plaintiff for her services during such period. And the services rendered were of the character which one would ordinarily expect one sister to render to another. During the whole of this period there was a promissory note due from the plaintiff to the decedent which was permitted by the decedent to outlaw and was subsequently bequeathed to the plaintiff. And in addition to this debt which was forgiven her sister by decedent plaintiff was left by the terms of the other's will a legacy of $500 in cash.

True, there is in the record testimony of one witness, a daughter of the plaintiff, to the effect that deceased tendered a check for $750 to the plaintiff by way of a gift for the services rendered and sued for. The tender of the check, however, may be eliminated from consideration inasmuch as this testimony was evidently disbelieved by the trial court. The daughter, who testified as a witness for the plaintiff, admitted that she had personally filled out the check and that there were three other checks signed in blank in the check-book of the decedent. She also testified that at the same time she had, at the request of her aunt, the decedent, filled out a check for $100 to one George McCarthy. Evidence was introduced by defendants to show that the only check received by McCarthy from the decedent was one filled out for her by another niece, Annie Canelo. In these circumstances the trial court was justified in believing that the check above referred to was

never tendered to the plaintiff by the deceased for the purpose stated by the witness or for any other purpose.

Upon the whole we are satisfied that the evidence supports the findings of the trial court and that the findings in turn support the judgment.

Judgment is accordingly affirmed.

Waste, J., Lawlor, J., Myers, J., Wilbur., C. J., and Seawell, J., concurred.