(No. 5771. May 6, 1932.)

MARY E. HARTLEY, Respondent, v. A. D. BOHRER, Administrator of the Estate of GENNETTE HARTLEY, Deceased, Appellant.

[11 Pac. (2d) 616.]

Frank D. Ryan and J. W. Galloway, for Appellant.

Ed. R. Coulter, for Respondent.

LEEPER, J.—The complaint charges on a *quantum meruit* for services rendered by plaintiff for a period of four years, to one Gennette Hartley, now deceased, at the rate of $25 per month, subject to an offset for rent. The defendant administrator denied and cross-complained on account of an alleged conversion of funds. The evidence proves without substantial contradiction that the plaintiff did render valuable and necessary services of various sorts to the deceased for this period of time, immediately preceding her death, except for three months thereof. The jury found for the plaintiff for the full amount claimed.

It appears that the plaintiff was a daughter-in-law of the deceased, and that she lived in one of several apartments in an apartment house owned by the latter. The deceased occupied another apartment in the same building, but their establishments were entirely separate. Each lived, slept and ate in their respective apartments and the plaintiff paid rent to the deceased during most of her occupancy. Appellant takes the position that under such circumstances an obligation to pay will not be presumed, because of the family relationship and because the parties were members of one household, and that on the contrary a presumption arose that the services were gratuitously rendered and plaintiff cannot recover except on proof of an express contract for compensation.

■ ■ It is an elementary rule that, whenever services are rendered and received, a contract of hiring or an obligation to pay what they are reasonably worth will generally be presumed. (28 R. C. L. 668, sec. 3.) The scope of this rule, however, is qualified by an exception which controls if there existed between the party who rendered the services and the party who received them a kinship by blood or marriage, or if they were connected by domestic ties similar to those which are ordinarily associated with kinship. Stated

generally, where services are rendered by members of a family, living in one household, to each other, the law will presume that they were gratuitous favors merely, prompted by friendship, kindness and the relationship between them. (*Crane v. Derrick*, 157 Cal. 667, 109 Pac. 31; *Ruble v. Richardson*, 188 Cal. 150, 204 Pac. 572; *Smith v. Riedele*, 60 Cal. App. 551, 213 Pac. 281; *Newbert v. McCarthy*, 190 Cal. 723, 214 Pac. 442.)

■ As stated in *Crane v. Derrick, supra,* the degree of relationship may strengthen or diminish the implication that the services are acts of gratuitous kindness or affection according to its proximity or remoteness. The presumption of gratuitous nature applies to relatives by blood (*Newbert v. McCarthy, supra; Crane v. Derrick, supra; Gopcevic v. Gopcevic,* 39 Cal. App. 306, 178 Pac. 734; *Friermuth v. Friermuth,* 46 Cal. 42), marriage (*Moulin v. Columbet,* 22 Cal. 508; *Spadoni v. Giacomazzi,* 27 Cal. App. 149, 149 Pac. 51; *Murdock v. Murdock,* 7 Cal. 511), adoption (*Ruble v. Richardson, supra*), or even to strangers who live in the same family household and sustain the family relationship towards each other (*Gjurich v. Fieg,* 164 Cal. 429, Ann. Cas. 1916B, 111, 129 Pac. 464). The family relationship is the important factor in raising the presumption, and if it exists the burden is upon the claimant to relieve himself of that presumption by showing that there was an express or implied understanding between the parties that a charge for services was to be made, and to be met by payment. (28 R. C. L. 677, sec. 13.)

■ When parties do not live together in the family relationship, however, the presumption of the gratuitous nature of the services ceases to exist, or is greatly weakened, according to the proximity of the relationship and the nature of the services performed. In such event, where the relationship is more remote than a close kinship by blood, such as that of parent and child, something more than the relationship itself must be shown in order to overcome the primary implication that a person who accepts valuable services does so on the understanding that they

are to be paid for. (28 R. C. L. 683, sec. 17.) If the family relationship does not exist, the existence of a remote kinship by blood or marriage will not of itself avail to raise the presumption. (3 Page on the Law of Contracts, p. 2486, sec. 1454.)

In all cases, even where the family relationship is sustained, the question is one of intent to be resolved by the jury, and the presumption may be rebutted by proving the existence of either an express or an *implied* agreement to pay compensation. The promise to pay in this view may be implied from any facts or circumstances which, in their nature, justify the inference of an actual contract of hire, or an actual understanding between the parties to that effect. (28 R. C. L. 687, sec. 23; *Smith v. Riedele, supra; Newbert v. McCarthy, supra.*) The question must be determined upon the circumstances of each particular case (*Crane v. Derrick, supra*), and the degree of proof necessary to rebut the presumption is a preponderance only.

It is clear that in the instant case the family relationship was not sustained between plaintiff and deceased. They lived in separate households in an apartment house; each carried on the family functions separately, and lived, slept and ate separate and apart from each other; each bought her own groceries and supplies and paid for them; the plaintiff maintained a family of her own, consisting of one son, by her own labor, and so far as the evidence goes, entirely supported him and herself. The services rendered to deceased by plaintiff were not such ordinary household services as would be performed in carrying out an ordinary family relationship, but were rendered at times outside of plaintiff's regular hours of employment, mornings, evenings and holidays, and were of an extraordinarily hard and disagreeable nature.

While it is true that in its broadest aspect the term "family" means a group of kindred persons, this is not the sense in which it is used in this connection.

"A family, within the meaning of the principle under discussion, is a collective body of persons who form one

household under one head and one domestic government, and who have reciprocal, natural or moral duties to support and care for one another.'' (Page on the Law of Contracts (Supplement, vol. I), p. 937, sec. 1454.)

There is no attribute of family relationship as between plaintiff and deceased.

Under the rule which we have mentioned the mere fact of the existence of the relationship of daughter-in-law and mother-in-law does not of itself, and absent the family relationship, give rise to any presumption of gratuitous services. (*Brown v. McCurdy*, 278 Pa. 19, 122 Atl. 169; *Koebel v. Beetson*, 112 App. Div. 639, 98 N. Y. Supp. 408; *McConnell v. McConnell*, 75 N. H. 385, 74 Atl. 875; *Jones v. Jones*, 129 S. C. 8, 123 S. E. 763; *Kaminer v. Kaigler*, 113 S. C. 222, 102 S. E. 20; *Johnson v. Tait*, 97 Misc. Rep. 48, 160 N. Y. Supp. 1000; *Gerz's Ex'x v. Demarra's Exrs.*, 162 Pa. 530, 42 Am. St. 842, 29 Atl. 761; 3 Page on the Law of Contracts, p. 2486, sec. 1454.)

Appellant charges that the evidence is insufficient to sustain the verdict, in that there was no competent evidence whatever of any express or implied agreement on the part of deceased to pay compensation. Proof of the performance and value of the services by respondent being substantially uncontradicted, it necessarily follows that she is entitled to the presumption of an obligation to pay on the part of the deceased, and the implied contract arose without further proof. Beyond this a careful study of the record indicates that the jury was entirely justified in concluding, under the instructions given, that the deceased actually intended that the services of respondent were to be paid for, or even that an express agreement was entered into between respondent and deceased.

Appellant complains that respondent was permitted to testify as to communications with deceased, contrary to the provisions of C. S., sec. 7936, as amended by Sess. Laws 1927, chap. 51. Conceding, but not deciding, that the objection was sufficient in form and substance, the admission of the evidence was not reversible error. The

evidence adduced over the objection was to the effect that deceased had told respondent to file a claim for services rendered and that respondent had told deceased that she intended to file such a claim. Counsel for appellant thereupon proceeded to cross-examine respondent, and went far beyond the matters elicited on direct examination on this point. By this extraneous cross-examination he brought out that respondent and deceased had entered into a specific agreement relative to the payment of rent and payment for the services, and he examined as to the terms of that agreement. The communications testified to by respondent were also proven by other competent witnesses, and there is no contrary proof whatsoever.

By cross-examining beyond the scope of the direct examination, counsel for appellant made the witness his own and thereby waived the benefit of the statute. "Where a witness has been objected to as incompetent, the objection is not waived by cross-examining him as to matters to which he has testified on his direct examination, although if the objecting party brings out new matter on cross-examination he makes the witness his own and waives his incompetency." (40 Cyc. 2239. See, also, 4 C. J. 983, sec. 2963; 5 Jones on Evidence, p. 4430, sec. 2279.)

The disqualification imposed by the statute, though absolute in form, may be waived by the personal representative. (11 Cal. Jur. 811, sec. 484.)

"It is clear that subdivision 3 is to be given no broader effect than if it merely provided that a claimant is incompetent to testify against the estate. This interpretation gives to the statute the same meaning as that expressed in those statutes of other jurisdictions wherein it is held, as has been seen, that the personal representatives of the deceased may waive the incompetency. Allowing this waiver will not operate to defeat the object of the statute; for it is always in the power of the administrator or the executor by timely objection to bar the witness. It follows that under subdivision 3 of section 1880 the personal representative should be permitted to waive the incompetency.

Hence, as the administrator herein expressly declined to object to the witness on the ground of incompetency, the waiver should have been allowed, and the witness permitted to testify.'' ' (*Kinley v. Largent,* 187 Cal. 71, 200 Pac. 937.)

This is in accord with the general rule. (28 R. C. L. 514, sec. 102.)

The rendition and value of services being established without substantial dispute, the identical communication with deceased being established by other competent proof, the proof of an express contract having been elicited by counsel for appellant upon cross-examination, it must be concluded that the jury did not base its verdict upon the testimony objected to, but upon the other competent and relevant evidence introduced. (*State v. Petrogalli,* 34 Ida. 232, 200 Pac. 119.)

The error, if any there was, is harmless and does not constitute reversible error, because the fact involved is fully and clearly established by other evidence which is competent. (4 C. J. 975, sec. 2955.) This rule is particularly applicable to this case, because the whole of the prevailing party's case is amply sustained by competent evidence, and the complaining party himself adduced evidence to the same effect.

Under the requirements of C. S., sec. 6728, and the settled practice of this court a judgment will not be reversed for errors and defects in the pleadings which do not affect the substantial rights of the party complaining. (*Dangel v. Levy,* 1 Ida. 722; *White v. Johnson,* 10 Ida. 438, 79 Pac. 455; *Schultz v. Rose Lake Lumber Co.,* 27 Ida. 528, 149 Pac. 726; *Joyce Brothers v. Stanfield,* 33 Ida. 68, 189 Pac. 1104; *W. T. Rawleigh Co. v. Van Duyn,* 32 Ida. 767, 188 Pac. 945; *Applebaum v. Stanton,* 47 Ida. 395, 276 Pac. 47; *Smith v. Peterson,* 31 Ida. 34, 169 Pac. 290; *Strong v. Oregon Short Line R. R. Co.,* 31 Ida. 48, 169 Pac. 179; *Bumpas v. Moore,* 31 Ida. 668, 175 Pac. 339.)

The foregoing discussion necessarily disposes of the specifications relative to the insufficiency of the complaint

and the refusal to give requested instructions. The specification as to the form of the verdict has been decided adversely to the appellant's position in *McElroy v. Whitney,* 24 Ida. 210, 133 Pac. 118.

As to the issues presented by the cross-complaint, the jury resolved them against the appellant, and the record reveals ample evidence to sustain the finding.

The testimony of respondent indicates that she performed no services for deceased during a period of three months when she was absent on a visit in the east. She is not entitled to recover for this period, and the judgment is accordingly reduced in the sum of $75.

As so modified the judgment is affirmed, with costs to respondent.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.