**307 P.2d 788**

Matter of the Application of BIG LOST RIVER IRRIGATION DISTRICT for Approval of Plans, Drawings, and Specifications amending Plans, Drawings, and Specifications heretofore approved for Raising of Reservoir Level Five Feet at the Mackay Dam.

BIG LOST RIVER IRRIGATION DISTRICT, Plaintiff-Respondent,

v.

Mark R. KULP, State Reclamation Engineer of the State of Idaho, Defendant-Appellant.

No. 8493.

Supreme Court of Idaho.

Feb. 26, 1957.

Graydon W. Smith, Atty. Gen., John R. Smead, Asst. Atty. Gen., for appellant.

Robert M. Kerr, Jr., Blackfoot, for respondent.

PORTER, Justice.

In the year 1952 the Big Lost River Irrigation District filed an application with the State Reclamation Engineer for approval of plans, drawings and specifications for raising the reservoir level at Mackay Dam in Custer County an additional height of fifteen feet. The State Reclamation Engineer approved the raising of the reservoir level an additional five feet in height. The spillway of the Mackay Dam is some seventy-five feet in width. The approved plans called for the installation of Tainter gates in such spillway to raise the same an additional five feet.

The raising of the reservoir level an additional five feet in height was not carried out by the District.

In March, 1956, the District submitted proposed plans, drawings and specifications to amend its application by proposing the installation of an OG structure in the spillway of a height of five feet instead of the installation of Tainter gates. Tainter gates are gates which can be raised from

the bottom and permit water to escape before it flows over the top. By OG construction is meant the installation in the spillway of a concrete barrier five feet in height with a specially curved top to expedite the flow of water over the top of the barrier.

The State Reclamation Engineer disapproved the proposed amendment. The Irrigation District appealed to the district court in and for Custer County. A trial de novo was had before the court sitting without a jury. The court made findings of fact and conclusions of law favorable to the Irrigation District and entered judgment approving the installation in the spillway of an OG barrier instead of the installation of Tainter gates. From such judgment the State Reclamation Engineer has appealed to this court.

■ Appellant makes eight assignments of error. By Assignment of Error No. 1, he contends the court erred by attempting to limit the issues to a smaller compass than as presented by the pleadings.

At the beginning of the trial the court observed as follows:

"I have examined the Petition and briefly the answer filed, and it appears therefrom that the principal issue would be one of fact as to whether the proposed change in the plans—of the Ogee spill-way—whether the substitution of the Ogee spillway for the Taint-

er gates heretofore approved by the Department in 1952 would be sufficient to protect the dam; and, of course, the property and lives of people below it. Is that substantially correct, the issues, gentlemen?"

To this observation, the attorney for the District and the attorney for the State Engineer each answered, "That is the way I understand it." We find no error under this assignment.

■ By Assignment of Error No. 2, appellant urges the court erred by interjecting his own opinions in the course of the examination of witnesses and in assuming the status of counselor by interrogating appellant's witnesses rather in the nature of cross-examination. Appellant does not point out any specific remarks or questions to witnesses by the court upon which appellant relies as showing prejudicial error. No showing is made that any particular conduct of the court affected the substantial rights of appellant. Boise Street Car Co. v. Van Avery, 61 Idaho 502, 103 P.2d 1107; Richardson v. Bohney, 26 Idaho 35, 140 P. 1106; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651.

By Assignments of Error Nos. 3, 5, 6 and 7, appellant makes the contention that there was no competent evidence to sustain the court's findings and conclusions approving the installation of the OG structure in the spillway. It is the contention

of appellant that the competent evidence on behalf of the Irrigation District was not sufficient to overcome the expert testimony on behalf of appellant.

The Irrigation District produced as witnesses the President of the Board of Directors and a former member of the Board of Directors both of whom testified as to conditions surrounding the maintenance and operation of the Mackay Dam, and the filling of the reservoir. In addition, the court had before it the plans, drawings and specifications of the Engineer of the Irrigation District showing the proposed OG structure. On the other hand, appellant introduced his own testimony and the testimony of a licensed engineer from his office. Both testified in effect that the Tainter gates provided an additional safety factor in case of a sudden flood which safety factor they deemed advisable.

The Mackay Dam in its present form has been maintained and operated since before 1923. The existing outlet works consist of five large gates each four by eight feet in size or thereabouts and a tunnel of ten feet in diameter or thereabouts. These outlet works have always been sufficient to take care of any sudden rise in the reservoir. The evidence shows that it has never been necessary to use more than three of such gates to control the height of water in the reservoir. The evidence indicates that appellant and the engineer from his office did not take fully into consideration the additional capacity of the outlets available for control of any sudden flood of water into the reservoir.

■■■ Appellant contends the evidence of the laymen was not competent as against the evidence of the licensed engineers on the question of safety. Expert opinions are not ordinarily conclusive but are generally advisory in character to assist the triers of fact to understand and apply other evidence. Nistad v. Winton Lumber Co., 61 Idaho 1, 99 P.2d 52; Evans v. Cavanagh, 58 Idaho 324, 73 P.2d 83; 20 Am. Jur., Evidence, Sec. 1208, pp. 1059-1060; Walker v. Distler, 78 Idaho 38, 296 P.2d 452; Arais v. Kalensnikoff, 10 Cal.2d 428, 74 P.2d 1043, 115 A.L.R. 163. The court's finding "that there is no necessity for tainter gate structures within the spillway or any other provisions or manner for regulating the five feet of additional storage above the present spillway level independent of the existing tunnel and outlet works" is supported by competent, substantial, though conflicting evidence. It has become axiomatic in this jurisdiction that under such circumstances such finding will not be disturbed on appeal.

■■■ By Assignment of Error No. 4, appellant complains that Findings of Fact Nos. VI to X are not findings of fact but a series of orders or decrees. These findings provide that respondent take such steps as are reasonably necessary during

a three-year trial period to keep the level of the reservoir from rising above the crest of the OG structure; that respondent shall keep the outlet gates and trash gates in good condition; shall make measurements for determining any change in the infiltration or leakage of water through the dam; that respondent shall take such steps as may be necessary to render the controls of the outlet works fully accessible; and that respondent shall make such reasonable reports for three years as may be required by the State Reclamation Engineer as to the condition and operation of the dam and works. These conditions imposed upon respondent were largely suggested or acquiesced in by appellant. They are limitations upon respondent's maintenance and operation of the dam and are favorable to appellant. They cannot be made the basis for a claim of prejudicial error by appellant.

By appellant's Assignment of Error No. 8, he complains that the court erred in attempting to take judicial notice of what will or will not happen in the future. This claim of error is predicated upon a statement made by the court at the conclusion of the trial in announcing its decision. Such statement was as follows:

"Now I think I cam take judicial notice, plus the personal knowledge I have, of these low snow run offs that Mr. Senger calls them, and also of the low state of the storage capacity in that reservoir when those early run-offs might occur. I recall no year where the reservoir went through the winter full of water. Most of the years it was nearly empty. So if we had an April run-off, if we had that much pressure so it would fill it and effect that reservoir materially, it would have the capacity to pick it up, plus the capacity of the gates to take it on out. So I am not afraid of any sudden condition early in the year."

This statement by the court was merely tantamount to saying that the height of the water in the reservoir during the winter months was a matter of common knowledge. In addition, there was sufficient evidence to sustain the court's findings and judgment without resort to this statement. Dahlberg v. Johnson's Estate, 70 Idaho 51, 211 P.2d 764, 11 A.L.R.2d 1365; Hartley v. Bohrer, 52 Idaho 72, 11 P.2d 616; Burns v. Skogstad, 69 Idaho 227, 206 P.2d 765.

The judgment of the trial court is affirmed. Costs awarded to respondent.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.