[Civ. No. 5484. Second Appellate District, Division Two.—September 17, 1929.]

HELEN FULLER et al., Appellants, v. I. WORTH EVERETT, Executor, etc., Respondent.

W. S. Knott, J. H. Ardis and J. Vincent Hannon for Appellants.

Newlin & Ashburn and J. W. Falkner for Respondent.

CRAIG, J.—The appellant, Helen Fuller, joined by her husband for the purposes of suit, instituted this proceeding against the executor of the last will and testament of her mother, Sarah C. Guess, deceased, upon a rejected claim for the reasonable value of board and lodging, nursing and personal attendance. The plaintiffs alleged that Mrs. Guess came to their home at her own request, and that the maintenance and services were rendered at her special instance, upon a promise to pay them therefor. The defendant denied any agreement to compensate the plaintiffs, alleging that Mrs. Fuller's mother was freely and voluntarily accepted into their home, and that it was the filial duty of the daughter to so care for her because of her age and infirmities. Evidence was introduced by the respective parties, and the court rendered judgment in favor of the executor, from which the plaintiffs appealed.

The principal ground of appeal is that the evidence was not sufficient to warrant the following findings of the trial court:

"It is true that the said Sarah C. Guess was the mother of the plaintiff, Helen Fuller, and that the services rendered to her said mother by the said plaintiff in the furnishing of board and lodging and nursing and attendance and otherwise, were rendered voluntarily as a filial duty and without any expectation on the part of the said Sarah C. Guess to pay therefor and without any expectation on the part of the plaintiff, Helen Fuller, or her husband, Calvin Fuller, to charge therefor, or to receive any payment therefor.

"It is not true that the said Sarah C. Guess during her lifetime paid or compensated the plaintiffs or either of them for said or any of said things, but it is true that there was no contract, express or implied, for payment by the said Sarah C. Guess to plaintiffs, or either of them, . . . and that the said Sarah C. Guess was not at any time during her lifetime liable for said or any of said things, and that her estate is not liable therefor."

Mrs. Fuller's testimony alone strongly tends to support the findings of the trial court. She swore that on or about December 5, 1922, her mother was ill and confined to her bed at her own residence; that she said to the appellant, "I am going home with you," to which the latter "must have said, 'Yes, come and go with me,' " but that nothing was then said about payment for support or attention. It is not denied that Mrs. Guess repeatedly thereafter remarked that her daughter was kind to her, and that "she does take fine care of me," and "will never regret what she has done for me." Appellant also testified, however: "She often said she intended to pay me and pay me well for taking care of her." "She did not say when, nor how she would pay me," and appellant did not ask her. "I thought she would do what was right by me." "I might have said to her that I felt indebted to do these things, that it was my place to look after her." She admitted that it was her duty toward her mother at that time, and that she did not regret having cared for her; that Mrs. Guess was her mother, and that she felt it was her duty as a daughter; that it was no additional expense except for board and attention, because her mother paid her own doctor, and for her own clothes and medicines.

Other witnesses testified that the decedent had often stated that she would "pay her well," but that she could "pay her own way," that she "could help herself a little," and did not say how or when she was going to pay her daughter.

The foregoing presents appellant's side of the case in its strongest light, yet there is no evidence of a meeting of the minds upon any agreed kind or amount of compensation. Mrs. Fuller always replied to statements by her mother that as to payment, "Well that is your business," and that she "did not want to bother her." ■ To warrant an inference that one relative became indebted to the other for such service, the evidence must be such as to reasonably indicate that it was the expectation of both parties that compensation should be made therefor. (*Murdock* v. *Murdock*, 7 Cal. 511; *Moulin* v. *Columbet*, 22 Cal. 508.) ■ The presumption ordinarily prevailing that the services were to be paid for cannot be invoked in such cases. (*Newbert* v. *McCarthy*, 190 Cal. 723 [214 Pac. 442].) On the contrary, as was said in *Rube* v. *Richardson*, 188 Cal. 150 [204 Pac. 572, 575]: "Ordinarily, where services are rendered and voluntarily accepted, the law will imply a promise upon the part of the recipient to pay for them; but where services are rendered by members of a family, living in one household, to each other, or necessaries are supplied by one near relation to another, the law will presume that they were gratuitous favors merely, prompted by friendship, kindness and the relationship between them. And in such case, before the person rendering the service can recover, the express promise of the party served must be shown or such facts and circumstances as will authorize the jury to find that the services were rendered in the expectation of one of receiving, and by the other of making compensation therefor." ■ We are unable to say as a matter of law that the trial court erred in finding from the evidence adduced that this presumption of gratuity, prompted by kindness and close relationship, had not been overcome. From the fact that Mrs. Guess never stated the time or manner in which she expected to pay her daughter for such voluntary comforts, it might for aught that appears have been her intention to compensate her otherwise than by the mere payment of money, had she survived her illness. Such an inference, if the court did so infer, might flow from the defendant's re-

mark when asked to loan her daughter seventy-five dollars, as testified by the latter, that "she didn't have it," although she had a bank account of considerable size. Presuming, as we must, that pecuniary compensation was not intended under the circumstances, it follows that a finding in favor of the defendant was not improper, but was imperative.

During the trial appellant was asked by her counsel as to the meaning of her answer upon another trial that her mother was under no "expense" when with her, to which an objection that it had already been answered or covered was sustained. The witness had previously testified that by this she meant that her mother was under no expense for board ·and personal care, but that in other respects she paid her own expenses. Objections were also sustained to the question as to whether the appellant intended to donate her services or to waive the right to compensation. In sustaining the objection in this instance, the trial court remarked that it was within its province to decide what was meant. As we have heretofore observed, there was no agreement between the parties sufficiently shown to render it binding, and an attempt to prove an undisclosed intent of one of the parties was properly precluded by timely objection. It is further complained that reference to the plaintiff's testimony in another case for the purposes of impeachment was allowed without sufficient foundation having been laid therefor. Objection to this evidence is first made at this time, and cannot be considered. There appears to be somewhat conflicting testimony in the two cases, but in this, as in the other instances of asserted error, appellant fails to point out wherein any prejudicial rulings of the trial court could have so affected the final determination of the issues as to require a reversal. Since, as observed, in the absence of express agreement or other substantial evidence to the contrary, a willing and gratuitous filial duty will be presumed to have been performed, and it appearing that the testatrix in her lifetime relieved appellants of any expense for doctors, medicines or clothing, the record before us does not tend to establish the existence of a greater burden upon the daughter than the term "filial duty" implies.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.