[Civ. No. 7031. Second Appellate District, Division Two.—January 28, 1932.]

COOGAN FINANCE CORPORATION (a Corporation), Appellant, v. FRED A. BEATCHER, Respondent.

Mitchell, Silberberg & Davis and A. G. Divet for Appellant.

Harold Nuzum, Gilbert J. Heyfron and F. R. Davis for Respondent.

THOMPSON (IRA F.), J.—The plaintiff brought action against defendant to recover the sum of $3,300, interest and attorney's fees. The complaint contained two counts, the first being based upon a promissory note in the sum of $2,000 and the second being for money advanced to defendant in the sum of $1300. Defendant answered admitting all the allegations of the first count and admitting the receipt of the $1300 mentioned in the second count. However, as affirmative defense and also by way of counterclaim, he alleged services rendered by him to the plaintiff corporation for which it agreed to pay the reasonable value in the sum of $13,000, of which only the sum of $1300 had been paid. Judgment was rendered upon the verdict of the jury in favor of defendant in the sum of $2,922.17 and costs. The plaintiff prosecutes this appeal from that judgment.

The first contention of appellant is that the court erred in admitting opinion testimony of the witness and defendant Beatcher as to the value "of a man as manager of an automobile finance concern" having the capital and borrowing capacity of the plaintiff. The objection that the witness was not qualified to answer the question, it having been shown that he had previously acted as manager for another concern and had been told by others what they were receiving for acting in a similar capacity, may very shortly be answered by the observation that the witness was entitled to place a value upon his own services. In *Missouri Pac. Ry. Co.* v. *Palmer*, 55 Neb. 559 [76 N. W. 169, 170], it is said: "One who has rendered services to another may give evidence of the value of such services, although it appears that the witness has qualified himself for that purpose by inquiring of others adequately informed on the subject. . . . And Earl, J., delivering the opinion of the court in *Mercer* v. *Vose*, 67 N. Y. 56, said: 'I can conceive of no case where one has himself rendered a service to another when he will not be competent to give evidence of its value.

Knowing the precise nature of the services rendered, he must have some knowledge of its value, and he is thus competent to give his opinion. It may not be worth much. Its weight, however, is for the jury.' '' To the same effect reference is made to *Fowler* v. *Fowler*, 111 Mich. 676 [70 N. W. 336], *City Elec. Ry. Co.* v. *Smith*, 121 Ga. 663 [49 S. E. 724], *Arkansas Midland Ry. Co.* v. *Griffith*, 63 Ark. 491 [39 S. W. 550], *Storms* v. *Lemon*, 7 Ind. App. 435 [34 N. E. 644], and *Nesbit* v. *Shisler*, 175 Mo. App. 565 [158 S. W. 419].

It is also insisted that the question propounded by which to elicit the testimony called for evidence upon a collateral issue. After stating certain facts the entire question concluded with this direct interrogation: ''What would be the value of the services as a manager?'' Appellant bases his argument upon the hypothesis that the point in issue was the value of respondent's services and not the value of ''managers generally''. There is more apparent than substantial merit in the argument. When the transcript of the oral testimony is read in connection with the discussion it is manifest that the inquiry was directed to the reasonable value of the services of the respondent and that the trial judge and the jury so understood it. Counsel for respondent in the preceding question asked the witness directly for the value of his services, and the judge in commenting upon an objection to it said: ''The test will be the reasonable value of the services that he rendered, and that will be based upon the reasonable market value of such services rendered under similar conditions in Los Angeles.'' It is patent then that the subsequent interrogation was in effect directed to the reasonable value of defendant's own services, although the long way around was pursued.

Finally, it is asserted that the proper foundation was lacking because the hypothetical question failed to include the fact that respondent was owner of one-third of the stock of the corporation and that A. L. Bernstein was an owner of another one-third of the stock and the Jackie Coogan Productions, Inc., owner of the remainder. It was the contention of appellant in the trial court that respondent had agreed to render his services without compensation, in the same manner that Mr. Bernstein was to look after the books without charge and the Coogan Productions Company to

furnish desk space and lend its credit to the Finance Corporation without reimbursement. On the other hand, it was the contention of respondent that no such agreement existed so far as he was concerned. Respondent had a right to submit to the jury, by hypothetical question, his theory of the case, without adopting any part or parcel of appellant's theory.

Appellant next asserts that the court committed error when it sustained objections to a series of questions directed to Mr. Bernstein to elicit his opinion of the time it would take either the witness or the respondent to attend to the business to the appellant. It is patent that the inquiry was upon a collateral matter. The answer must necessarily depend upon the kind and character of an organization or force of assistants the witness had in mind, and none of these things was asked for. Or, to put it in other words, the issue was as to the time actually employed by respondent and its value, if any—not the time within which he or someone else might have been able to attend to the business under some other or different plan of operation or organization. Furthermore, the court indicated its willingness to hear the opinion of the witness provided he demonstrated familiarity with the work actually performed by respondent.

Undoubtedly another witness should have been permitted to testify concerning the amount of time actually employed by respondent, had she demonstrated that she knew. Her own reply to a previous question, however, indicated her inability to answer. An objection to her testimony was therefore properly sustained.

It is argued that the court erred in amending and giving two instructions to the jury. It is unnecessary for us to set forth other instructions given by the trial judge which amply and clearly informed the jury of the law applicable to the case. Sufficient it is, for the purposes of this opinion, to say that when all of the instructions are read together, as they should be, the jury was fairly and fully instructed with respect thereto.

Finally, it is urged that the court was guilty of reversible error in permitting the respondent to open and close the argument and in giving to appellant the middle time. It will be remembered that respondent admitted the execution of the note and the receipt of the $1300, but set

up by way of affirmative matter and counterclaim his contention that the $1300 was paid to him as salary and that his unpaid salary more than offset the note together with interest and attorney's fees. Regardless of whether there was a burden on the part of plaintiff to prove an obligation on the part of defendant to repay the $1300 covered by its second cause of action, the court, and counsel too for that matter, adopted the practical way of handling the trial. Immediately following a statement of plaintiff's counsel that "they were merely making proof of admitted facts on this [there was no other designation] count", defendant assumed the burden of an opening statement. The plaintiff then simply made formal proof of the note and its nonpayment, and of the advance of $1300 and its nonpayment, whereupon defendant presented his case. It is said by appellant, however, that subdivision 4 of section 607 of the Code of Civil Procedure requires that the plaintiff open and conclude the argument. That section reads: "When the evidence is concluded, unless the case is submitted to the jury on either side or on both sides without argument, the plaintiff must commence and may conclude the argument." Counsel overlook the opening paragraph of the section, which says: "When the jury has been sworn, the trial must proceed in the following order, unless the judge, *for special reasons, otherwise directs.*" It cannot be doubted that the last-quoted portion of the section modifies and limits its succeeding subdivision, and permits the court for *special reasons* to alter the usual course of argument. The express wording of the code section differentiates the present case from that of *Benham* v. *Rowe,* 2 Cal. 387 [56 Am. Dec. 342].

Judgment affirmed.

Works, P. J., and Craig, J., concurred.