[Civ. No. 9033. First Appellate District, Division Two.—September 18, 1934.]

CORA DAM FERGUSON, as Executrix, etc., Respondent, v. F. H. DAM, Appellant.

F. H. Dam, *in pro. per.*, and Thomas C. Ryan for Appellant.

Brobeck, Phleger & Harrison, Frank S. Richards and Kenneth Ferguson for Respondent.

SPENCE, J.—Plaintiff brought this action seeking to recover upon a promissory note. Plaintiff had judgment upon a trial by jury and from said judgment, defendant F. H. Dam appeals.

The complaint herein contained the usual allegations found in a complaint based upon a promissory note. The amended answer of defendant F. H. Dam set forth certain denials and further set forth certain affirmative allegations relating to the defense of want of consideration. At the close of the evidence, counsel for said defendant moved the trial court for an order permitting him to open and close the argument to the jury. The motion was denied.

Appellant contends that he was entitled ''as of right to open and close the argument'' and that the trial court erred in denying his motion. In our opinion this contention is without merit. Appellant cites authorities from other jurisdictions, but cites no authority in point from any jurisdiction having statutory provisions similar to section 607 of the Code of Civil Procedure. That section provides: ''When the jury has been sworn, the trial must proceed in

the following order, unless the judge, for special reasons otherwise directs; . . . 4. When the evidence is concluded, unless the case is submitted to the jury on either side or on both sides without argument, the plaintiff must commence and may conclude the argument.'' It thus appears that appellant was not entitled as of right to open and close the argument. The trial court, in its discretion and for special reasons, might have granted such permission but we find no abuse of discretion in its refusal to do so. In *Potapoff* v. *Mattes*, 130 Cal. App. 421, the court said at page 426 [19 Pac. (2d) 1016] : ''The authorities are practically unanimous in holding that the conduct of a trial is so largely in the discretion of the trial court that there must be made to appear an abuse of that discretion before an appellate court will interfere.'' (See, also, *Coogan Finance Corp.* v. *Beatcher*, 120 Cal. App. 278 [7 Pac. (2d) 695] ; *East Bay Municipal Utility District* v. *Kieffer*, 99 Cal. App. 240 [278 Pac. 476, 279 Pac. 178] ; *Watkins* v. *Glas*, 5 Cal. App. 68 [89 Pac. 840] ; *Mendocino County* v. *Peters*, 2 Cal. App. 24 [82 Pac. 1122] ; *People* v. *Hickman*, 204 Cal. 470 [268 Pac. 909, 270 Pac. 1117].)

Appellant further contends that counsel for respondent was guilty of misconduct in his argument to the jury. No report of the argument to the jury is found in the transcript. Appellant presented affidavits in support of his motion for a new trial and respondent presented a counter-affidavit. These affidavits are conflicting in many particulars. The trial court denied the motion for new trial and in support of its ruling we must assume that it resolved the conflicts in favor of respondent and must further assume that it determined that any alleged misconduct was not prejudicial to the rights of appellant. In *Aydlott* v. *Key System Transit Co.*, 104 Cal. App. 621, the court said at page 629 [286 Pac. 456] : ''A trial judge is in a better position than an appellate court to determine whether a verdict is probably due wholly or in part to misconduct of counsel and his conclusion in the matter will not be disturbed unless, under all the circumstances, it is plainly wrong. (*Lafargue* v. *United Railroads*, 183 Cal. 720 [192 Pac. 538].)'' After a review of the entire record in the present case we are unable to say that the trial court was

wrong in reaching its conclusion and in denying the motion for new trial.

Appellant further attacks several of the instructions given by the trial court. We have examined said instructions, together with all of the instructions given by the court, and find no error in any of them with the possible exception of instruction No. 27. The giving of this instruction, together with a certain ruling of the trial court on the admissibility of evidence, are both assigned as error and are said by appellant to involve the same point. In discussing this contention a brief statement of facts should be made. The promissory note set forth in the complaint was dated July 27, 1929, and was in the principal sum of $4,000. It was one of a series of notes executed by appellant to his mother for that sum over a period of years. The evidence discloses that these were all two-year notes and were dated respectively as follows: October 21, 1924; September 22, 1926; August 23, 1928; July 27, 1929. It was respondent's theory that each note was given as a renewal note in recognition of the same original obligation. Appellant alleged and testified that in October, 1926, he agreed with his mother that he would perform certain legal services for her and that she agreed to pay for such services by returning the note of September 22, 1926, and canceling said obligation. He further alleged and testified that he thereafter performed said services and that in December, 1927, his mother delivered said note to him and agreed that it was thereby canceled. Appellant admitted the execution of the subsequent notes for the same amount in 1928 and in 1929, but alleged that these notes were so executed at the request of his mother without any consideration and merely "to do something to humor and comfort said decedent, and out of love and pity for said decedent". Upon the trial evidence was offered by both sides regarding the reasonable value of the legal services to which reference has been made. Our attention has not been called to any testimony placing the value of said services at a figure in excess of $2,000.

The trial court gave instruction No. 27, as follows: "In the event that the jury should find that defendant F. H. Dam rendered legal services to Frances Leoni Dam, also known as Mrs. C. K. Dam, deceased, between October 4, 1926, and

December 25, 1927, pursuant to an express agreement therefor, and that said services were not rendered gratuitously; the jury are instructed that they should determine the reasonable value of said services and that if they find that the compensation provided by said agreement is in excess of the reasonable value of said services and excessive, they should disregard said agreement and return a verdict for plaintiff for the difference between the reasonable value of said services and the amount of the note of defendant F. H. Dam, together with interest on said difference from July 27, 1929, to date, at four per cent per annum.''

Assuming, without deciding, that said instruction was erroneous, it does not appear that appellant was prejudiced by the giving thereof. The jury awarded respondent the full amount of the note, thereby impliedly finding against appellant upon the issue of the existence of the alleged agreement and further impliedly finding that said services were rendered by appellant for his mother gratuitously. In other words, the jury found against the existence of any agreement, express or implied, for the payment by the mother to her son for said services. In the light of the evidence presented, we are of the opinion that the jury was justified in so finding. (*Newbert* v. *McCarthy,* 190 Cal. 723 [214 Pac. 442] ; *Ruble* v. *Richardson,* 188 Cal. 150 [204 Pac. 572] ; *Fuller* v. *Everett,* 100 Cal. App. 593 [280 Pac. 550] ; *Smith* v. *Riedele,* 60 Cal. App. 551 [213 Pac. 281] ; 27 Cal. Jur. 204.) Under these circumstances, no prejudice resulted.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 15, 1934.