[Civ. No. 19184. Second Dist., Div. Two. Dec. 23, 1952.]

NANCY KRAFT, a Minor, et al., Appellants, v. ANTHONY A. NEMETH, Respondent.

ANTHONY A. NEMETH et al., Respondents, v. EDWIN ARTHUR KRAFT et al., Appellants.

Bauder, Gilbert, Thompson & Kelly and Neil G. Locke for Appellants.

Spray, Gould & Bowers and Thomas D. Kelly for Respondents.

MOORE, P. J.—This is an appeal from two judgments entered upon verdicts in two actions arising from an automobile accident. They were consolidated for trial.

The accident occurred on the morning of July 16, 1950, on Highway No. 6 just north of the intersection with Angeles Crest Highway which joins it from the east at a "Y" angle. Immediately prior to the collision, the automobile occupied by appellants was travelling north on Highway No. 6. The car occupied by respondents, driven by Mr. Nemeth, was travelling south on the same highway. It was Mr. Nemeth's intention to made a left turn onto Angeles Crest Highway. The two vehicles collided on the southbound portion of the highway. Skid marks left by appellants' car started on the

northbound lane and swerved left into the southbound lane for a distance of 134 feet to the point of impact. The two automobiles were badly damaged and personal injuries were sustained by all the parties.

Appellants concede that the evidence is conflicting and base their appeal solely upon the ground that the trial court "so mishandled procedure of trial, and so misdirected the jury, that appellants were deprived of a fair trial."

The trial procedure of which appellants complain was the designation of respondents as plaintiffs and the designation of appellants as defendants. Appellants contend this was prejudicial to them because it gave respondents the opportunity to examine the jury first, to make the first opening statement, to produce the first witnesses and permitted them to make both the opening and closing arguments to the jury.

The trial court has wide discretion in the conduct of a trial and unless it can be shown that there was an abuse of discretion, an appellate court will not interfere. (*Ferguson v. Dam*, 140 Cal.App. 701, 703 [35 P.2d 1072].) Appellants admit that they stipulated to this arrangement, but now contend their stipulation was only with respect to the order of exercising peremptories and selection of the jury. Respondent's action was the first suit filed. The trial court's ruling was a proper exercise of its discretion. Appellants make no claim that the two cases were not properly consolidated for trial and have not pointed to any place in the record wherein they objected to the trial procedure. Furthermore, the trial court at appellants' request gave the following instruction which made it very clear that the designation of appellants as defendants was for convenience only: "A number of the general instructions which I will give you will refer to the terms 'plaintiff' and 'defendant.' We are here considering an original action (the Nemeth complaint), a cross-complaint (by Mr. Kraft and Mr. Woodhead), and an independent action against Mr. Nemeth (by occupants of the Cadillac automobile).

"Unless the instructions I will give you are expressly limited by their terms to the legal relationships between particularly named parties, you must consider these instructions as applying to the operators of both vehicles involved in the accident.

"In other words, when an instruction refers to the word 'plaintiff' and defines his rights or duties, you must apply that instruction both to Mr. Kraft and to Mr. Nemeth. Simi-

larly, by a reference to a 'defendant,' the Court intends that the instruction will apply to Mr. Nemeth and to Mr. Kraft. The courtroom designation of the Nemeths as 'plaintiffs' and the Kraft-Woodhead group as 'defendants' was only for convenience in my administering of the procedural aspects of the trial.

"It follows that, in your consideration of the issues between the several parties, such as negligence, contributory negligence, you should apply my instructions to the evidence you find to be true, considering one driver as the 'plaintiff' and the other as the 'defendant'; and you should also reconsider the same instructions, but reversing the parties' positions as 'plaintiff' or 'defendant.' ''

In view of appellants' stipulation, their failure to object and the trial court's instruction, which was given at their request, appellants' contention that they were prejudiced by the trial procedure is without merit.

■ Appellants assert that notwithstanding the fact that they offered, and the court gave, some of the instructions in BAJI* and also gave other BAJI instructions offered by respondents and gave still others on its own motion, such conduct was an indiscriminate use of such instructions which resulted in prejudicial error. Appellants complain that 79 of the 89 instructions given were "from or based upon BAJI." However, 40 of the 79 were given either at appellants' request or at the request of all of the parties. Of the 26 BAJI instructions given on the court's own motion, one was modified by the court and four were modified by agreement. But no prejudice is demonstrated. Taking the instructions as a whole it cannot be said that the court's action constituted an indiscriminate use of BAJI instructions.

■ Appellants contend that the trial court did not adequately instruct the jury on "imminent peril," which was their theory of the cases. At appellants' request the court gave the following instruction: "A person who, without negligence on his part, is suddenly and unexpectedly confronted with peril, arising from either the actual presence, or the appearance, of imminent danger to himself or to others, is not expected nor required, to use the same judgment and prudence that is required of him, in the exercise of ordinary care, in calmer and more deliberate moments. His duty is to exercise only the care that an ordinarily prudent person

*Book of Approved Jury Instructions.

would exercise in the same situation. If at that moment he does what appears to him to be the best thing to do, and if his choice and manner of action are the same as might have been followed by any ordinarily prudent person under the same conditions, he does all the law requires of him, although, in the light of after-events, it should appear that a different course would have been better and safer.''

The foregoing is a clear and correct statement of the law and adequately instructed the jury on the doctrine of imminent peril. Appellants' contention that they were prejudiced because the court did not follow this instruction with other, more specific instructions referring to only one party, is untenable. ■ It is not error to refuse instructions which are repetitious in substance and would serve only to emphasize unduly a party's theory of the case and which so far as they contain correct statements of the law are adequately covered by the instructions given. (*Nelson* v. *Colbeck* 94 Cal.App.2d 792, 797 [211 P.2d 878].)

It is insisted that there was a misinstruction of the jury on damages to appellants' prejudice. They assert that there was an understanding between counsel and the court that the instructions on damages would be impersonal, but that the court gave a number of instructions specifically reciting the items for which respondents who were mentioned by names could recover. Appellants do not contend that the instructions given were incorrect or that any instructions on damages offered by them were erroneously refused. There is nothing in the record of the alleged agreement and since the instructions given on damages were correct, there was no error.

■ Finally, appellants assert that the court erred in refusing to give an instruction offered by them to the effect that Mrs. Woodhead, wife of the owner of the car driven by Mr. Kraft, could not be contributorily negligent. This instruction was properly refused. (*Silva* v. *Market Street Ry. Co.*, 50 Cal.App.2d 796 [123 P.2d 904]; *Milgate* v. *Wraith*, 19 Cal.2d 297 [121 P.2d 10].)

The judgments are affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied January 12, 1953, and appellants' petition for a hearing by the Supreme Court was denied February 19, 1953.