[Civ. No. 30787.   Second Dist., Div. One.   Mar. 13, 1967.]

YOLANDA B. CASTRO et al., Plaintiffs and Appellants, v. E. A. IRISH, CONTRACTOR, Defendant and Appellant.

Elmer Low for Plaintiffs and Appellants.

Welsh, Cummins & White and Joseph H. Cummins for Defendant and Respondent.

FOURT, J.—Yolanda Castro sued E. A. Irish, Contractor, for personal injuries suffered when the automobile in which she was a passenger collided with a truck belonging to defendant and driven by one of its employees. She appeals from a judgment entered upon the jury's verdict in favor of defendant contending, among other things, that the jury was improperly instructed on the issues of imminent peril and defendant's burden of proving contributory negligence, assumption of risk and imputed negligence (which were not issues in the case) while no instruction was given on plaintiff's theory. She contends further that defendant's driver was negligent as a matter of law. We find no merit in any of these contentions.

On November 1, 1960, Yolanda was a passenger in the car of her friend, Concepcion Vega, driving south on Glendale Boulevard. Yolanda was directing Concepcion to the home of Yolanda's mother and they made a left turn at the intersection of Glendale and Montana Street. Concepcion turned left swiftly and suddenly across the northbound lane. Her car was struck on the right side by defendant's truck which was approaching the intersection at 25-35 miles per hour in the second travel lane from the center strip, slightly behind and to the right of a van traveling in the first lane, which barely managed to avoid the Vega car.

Although the testimony is in conflict as to whether Concepcion turned from the left turn pocket or made her turn illegally from the first southbound travel lane, it appears that she drove halfway or more across the intersection in preparation to make her turn, then suddenly and without at any time having given either hand or lamp signal, she turned left across the traveled traffic lanes. The driver of the van in the lane to the left of defendant's truck testified that when she turned sharply in front of him he slammed his brakes and only avoided collision "By a whisker." There was additional testimony that the 1947 Dodge she was driving had a leak in the master brake cylinder, and an officer testified that after the accident the brake pedal could be depressed to the floor without resistance.

It is conceded that the truck van in the first northbound lane of Glendale Boulevard partially obscured the view of the intersection from defendant's truck. Neither vehicle, however, appeared to be traveling at a speed in excess of the posted 35-miles-per-hour speed limit, and some impairment of vision is inevitable when a large vehicle travels between one's car and

the center strip. Mr. Derwyn Severy, plaintiff's expert witness, observed that defendant's driver's view of the left turn pocket, where the Vega car should have waited before its turn, was not obstructed until his truck was approximately 100 feet from the intersection. By then, he observed, ''. . . it doesn't matter because . . . the cars from the turn pocket can't race around fast enough to get into [a vulnerable] position.'' It was the driver's testimony that his speed was about 30 miles per hour when he applied his brakes as he noticed the van to his left was slowing down, but that the Vega automobile appeared in front of him almost simultaneously and he was unable to avoid collision.

The court refused to instruct the jury on contributory negligence, assumption of risk, and imputed negligence because these played no part in the case, but instructed the jury instead that the only issues for their determination were negligence, proximate cause and damages. Although it appears that Concepcion was driving with an expired license, there was no indication that Yolanda Castro was aware of this and this testimony was stricken by the court. ■ Defense counsel in his argument denied negligence on the part of his client and emphasized his theory that Concepcion Vega's negligence proximately caused the accident. Concepcion, however, is not a party to this action, and Yolanda's counsel, who made no objection to the argument, now comes too late to object. (*Horn* v. *Atchison, T. & S. F. Ry. Co.*, 61 Cal.2d 602 [39 Cal.Rptr. 721, 394 P.2d 561].)

■ The instruction particularly complained of on this appeal is BAJI 21 revised which concerns the burden of proof and was requested by both parties. This instruction explains that defendant has the burden of proving contributory negligence, assumption of risk, and imputed negligence. This was, however, the only reference to these issues within the hearing of the jury. The court did not define these terms and we find no reversible error when the jury was, by a slip of the tongue, reminded that defendant had the burden to prove such defenses. Plaintiff's counsel, moreover, took the occasion at several points in his argument, to emphasize that there was no issue of contributory negligence in the case.

The trial court gave the standard instruction on imminent peril. ■ Whether a party has been suddenly confronted with peril or should have anticipated it is ordinarily a question of fact for the jury to determine where the evidence, if believed, would support the speculation. (*Leo* v. *Dunham*, 41

Cal.2d 712 [264 P.2d 1] ; *Powell* v. *Bartmess,* 139 Cal.App.2d 394 [294 P.2d 150].) ■■ The testimony of the truck driver suggests that he was about 80 feet from the intersection when he first reacted to danger, and that Concepcion Vega's vehicle thereafter "loomed" right in front of him. The driver could not necessarily or reasonably anticipate the appearance of the car, especially since the testimony of two eyewitnesses discloses that she may have turned illegally from the travel lane rather than from the left turn lane and cut across the path of northbound traffic. There is evidence ample to support the further inference necessary for an imminent peril instruction that defendant's driver, himself innocent of negligence, was unexpectedly confronted with a sudden peril which rendered deliberate, calculated and cool choice no longer possible, hence we find the instruction appropriate.

■■ We do not find from a review of the admissible evidence that defendant was negligent as a "matter of law"; on the contrary, the jury's verdict that he was guilty of no negligence is adequately supported by the record. " 'The general rule is that every person has a right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise it is not negligence to assume that he is not exposed to danger which comes to him only from violation of law or duty by such other person.' (*Harris* v. *Johnson,* 174 Cal. 55, 58 [161 P. 1155, Ann.Cas. 1918E 560, L.R.A. 1917C 477] ; . . ." (*Leo* v. *Dunham, supra,* 41 Cal.2d 712, 715.) ■■ Negligence may not, therefore, be predicated upon the failure of defendant's truck driver to anticipate that a vehicle from a southbound travel lane might suddenly turn left across the path of oncoming traffic and in front of two northbound trucks. The driver was, moreover, entitled to assume that the position of his truck next to the one passing him on the left was safe and free from peril. Thus, no legally operated vehicle could have placed the driver of defendant's truck in peril, but Yolanda Castro asserts that he entered the intersection "blindly." The jury could reasonably infer from the evidence that until the driver was within 100 feet of the intersection the left turn pocket was plainly within his view and thereafter he might assume no one could make a lawful left turn in front of him. The cases cited by appellant are distinguishable in significant respects. Defendant's driver was not in the same lane as the truck van nor following too closely as was the defendant in *Landrum* v. *Severin,* 37 Cal.2d 24 [230 P.2d 337]. He was not driving

with the sun in his eyes (*Havens* v. *Loebel*, 103 Cal.App. 209 [284 P. 676]), nor did he strike the Vega car after having a clear view of it for some 850 feet (*Huetter* v. *Andrews*, 91 Cal.App.2d 142 [204 P.2d 655]).

The court refused to give the personalized instruction requested by plaintiff's counsel, which reads in part as follows: "Should you find that both Concepcion Vega and Thomas Bender were negligent in the operation of their motor vehicles and that such negligence was the proximate cause of the accident, then your verdict should be for the plaintiff Yolanda . . . [Castro] regardless of the amounts of negligence that each may have contributed." The court ruled properly since numerous other instructions covered the same subject, and instructions that are cumulative or repetitious and would serve no purpose other than to add undue emphasis to the requesting party's theory need not be given. (*Kraft* v. *Nemeth*, 115 Cal.App.2d 50 [251 P.2d 355].) We find no reversible error herein.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.